## Case No. 7,725.

### In re KEROSENE OIL CO.

[3 Ben. 35;[1] 2 N. B. R. 528 (Quarto. 164); 2 Am. Law T. Rep. Bankr. 79.]

District Court, E. D. New York. Nov., 1868.[2]

INJUNCTION ON SUIT IN STATE COURT — PROCEEDING BY BILL OR PETITION—RECEIVER AND ASSIGNEE.

A bankruptcy court has jurisdiction to restrain parties who are proceeding in a state court, by action commenced after an adjudication in bankruptcy, to enforce a mortgage upon property in the possession of the assignee in bankruptcy, which mortgage the assignee claims is void.

[Cited in Re Smith, Case No. 12.984; Re Mallory, Id. 8.991; Re Brinkman. Id. 1,884; Re Dole, Id. 3,965; Re Litchfield, 13 Fed. 866.]

[Cited in Clifton v. Foster, 103 Mass. 236.]

This was a proceeding, on behalf of the assignee in bankruptcy, against the New York Guaranty and Indemnity Company, to prevent them from enforcing, in the supreme court of the state of New York, a mortgage upon the real estate of the bankrupt. The facts were as follows: The N. Y. Kerosene Oil Company was a manufacturing company existing under the "General Manufacturing Law" of New York. On the 15th June, 1868, a petition in bankruptcy was filed in this court, in the name of said company, praying that it be declared a bankrupt, and on September 8th, 1868, Charles Jones was appointed assignee in bankruptcy. On the 29th April, 1867, the N. Y. Kerosene Oil Company made and executed a mortgage of its real estate situated in Queens county (described in the petition and mortgage), to the New York Guaranty and Indemnity Company, a corporation existing under special charter, to secure the sum of $100.000 and interest. This mortgage was duly recorded in the office of the register of Queens county, on the 11th of May, 1867. It was properly executed and acknowledged by the president of the N. Y. Kerosene Oil Company and its secretary, and was upon its face a valid mortgage. The N. Y. Guaranty and Indemnity Company commenced its action in the N. Y. supreme court as mortgagee, for the foreclosure of said mortgage, and made the assignee in bankruptcy a party defendant, as having or claiming an interest in the premises, which accrued subsequently to the mortgage. In this last mentioned action an order of the supreme court was made (October 6, 1868), requiring defendants to show cause why a receiver should not be appointed. This order was returnable October 12, 1868. On the application of the assignee it was adjourned to November 2, 1868. After such extension the assignee filed this petition, and obtained an order directing the mortgagee to stay his proceedings in the state court. The N. Y. Guaranty and Indemnity Company had not proved its debt in bankruptcy.

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
2 [Affirmed in Case No. 7.726.]

Wm. Allen Butler, for the Guaranty and Indemnity Company, cited the following authorities on the question of the power of the court to issue the injunction: Ex parte Christy, 3 How. [44 U. S.] 292; Houston v. City Bank, 6 How. [47 U. S.] 486; Campbell's Case [Case No. 2,340]; Burns' Case [Id. 2,-182]; Donaldson's Case [Id. 3,981]; Bowie's Case [Id. 1,728].

B. F. Tracy, for assignee.

BENEDICT, District Judge. This is a proceeding in bankruptcy arising upon the petition of Charles Jones, assignee in bankruptcy, wherein he prays that a certain mortgage upon the real estate of the bankrupt, which has been assigned to him, and of which he has possession as assignee in bankruptcy, may be declared void, and that said real estate may be sold by said assignee under the order and decree of the court, and the proceeds distributed according to law; and also that the holders of said mortgage, who, by an action commenced in a state court, after the mortgagee had been adjudged bankrupt, and after the assignee had entered into possession of the property under the assignment in bankruptcy, are seeking to foreclose the mortgage, and to have a receiver of the property appointed by the state court, may be restrained from further proceedings in said action.

The mortgagees having appeared, in obedience to an order to show cause why the prayer of the petitioner should not be granted, at the outset have called the attention of the court to the question of the regularity of the proceedings to obtain the relief here sought by petition in the bankrupt proceeding, instead of by bill in equity, and also to the question of jurisdiction of this court to stay proceedings in a state court.

These two questions, which have been to a certain extent argued before me as preliminary to an order directing the mortgagees to answer the petition in form, I do not propose to fully decide upon a mere suggestion. My present opinion, however, is that the proceeding by petition—certainly so far as it prays for an injunction to stay the parties from proceeding in the state court, and obtaining there the appointment of a receiver of this property—is regular. The practice in proceedings in bankruptcy, where not controlled by the statutes and rules of the supreme court, must be prescribed by the district court sitting in bankruptcy. I find nothing in the statute or the rules which requires proceedings in bankruptcy to be by bill, and see no reason why the proceeding by petition is not a proper method to obtain the relief here sought. It would seem that the examination into the validity and amount of claims made upon the property of the bankrupt, and the direction as to the sale of the property and disposition of the proceeds, constitute a part of the case in bankruptcy, and may all be adjudged in the prompt and con-

venient method of a proceeding in petition. Chemung Canal Bank v. Judson, 8 N. Y. 256. That staying proceedings to remove the property from the possession of the assignee to the possession of a receiver of a state court is part of the bankruptcy proceeding seems clear, and it is sufficient to maintain the petition if any part of the relief prayed for can be thus obtained. In so far as this petition prays for an injunction, it does not differ from many other petitions, which have been adjudicated upon in this and in other district courts. Upon the question of the jurisdiction of this court to issue the injunction prayed for, it is my opinion that this court sitting in bankruptcy has jurisdiction to restrain parties who are proceeding in a state court by action commenced after the adjudication of bankruptcy to enforce a mortgage upon property in the possession of the assignee under the bankrupt proceedings, which the assignee claims is void and constitutes no incumbrance upon the land, and who are seeking, by means of the appointment of a receiver in the state court, to withdraw from the possession and control of this court property which is in the custody of its officer, and in process of distribution as part of the bankrupt's estate.

I am further of the opinion that the facts set forth in this petition make out a case requiring the interposition of this court by its injunction, and that the stay heretofore granted should be continued until the hearing and determination of the issue which the petition seeks to raise.

There will, therefore, be an order continuing the stay, and directing that an answer to the petition be filed within ten days.

This case went up to the circuit court, which affirmed this decision as to the injunction, but held that the assignee must proceed by bill instead of by petition. The decision in the circuit court is reported [Case No. 7,726].